IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD BLOUNT,

      Plaintiff,                             No. CIV S-11-1998 EFB P

    vs.

R. TOSO, et al.,

      Defendants.               <u>ORDER</u>

_____/

      Reginald Blount, having been civilly committed to a state hospital as a mentally-disordered offender under California law, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). For the reasons set forth below, the court finds that plaintiff's complaint fails to state any claims for which relief can be presently granted under § 1983 and will therefore dismiss the complaint with leave to amend.

////

////

////

1

## I. Request to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 13. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request will be granted.

## II. Screening Order

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous."

A district court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). To state a claim on which relief may be granted, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. *Neitzke*, 490 U.S. at 327.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds that it is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff alleges that he was erroneously classified as a mentally-disordered offender and committed to a state mental hospital. Dckt. No. 1 at 3. He seeks damages for mental trauma incurred as a result of that commitment. *Id.* In *Heck*, the U.S. Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.  The U.S. Court of Appeals for the Ninth Circuit has held that *Heck*'s favorable termination rule applies to individuals in state custody pursuant to the judgment of a state court under the state's involuntary civil commitment scheme.  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005).   Because a judgment in plaintiff's favor in this case would necessarily imply the invalidity of his current confinement, he must demonstrate that the order committing him to state hospital has been invalidated before this suit can proceed.  *See id.* Plaintiff has not done so here.  In fact, plaintiff has currently pending before this court a habeas petition challenging his commitment, which indicates that the commitment order has not yet been invalidated.  Case No. Civ. S-11-1580 EFB P.  Accordingly, the court will dismiss the complaint, but allow plaintiff 30 days to file an amended complaint demonstrating that the commitment order has been invalidated.

**III.    Order**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. The complaint is dismissed with leave to file an amended complaint within 30 days of the service of this order demonstrating that the order committing plaintiff to state hospital has been invalidated.

Dated:  September 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE